Christie Scarborough
118 Fortress Drive
Winchester, Virginia 22603
Christie2307@gmail.com
Tel: (703) 309-5538
*Self-Represented Plaintiff*

CLERK'S OFFICE U.S. DISTRICT COURT
AT HARRISONBURG, VA
FILED

FEB 14 2023

LAURA A. AUSTIN, CLERK
BY: /s/
      DEPUTY CLERK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT *of* VIRGINIA

| | |
|---|---|
| **CHRISTIE SCARBOROUGH** ) | Case No: 5:23-cv-00008 |
| ) | |
| *Plaintiff,* ) | COMPLAINT *for* |
| ) | DAMAGES *and* INJUNCTION. |
| vs. ) | |
| ) | |
| 1. **MARY DANIEL** ) | |
| 2. **NICHOLAS HAGER** ) | |
| 3. **FREDERICK COUNTY** ) | |
| *of* **VIRGINIA** ) | |
| ) | |
| *Defendants.* ) | |

*Complaint*, p. 1

## JURISDICTION, PARTIES & VENUE

(1) <u>Jurisdiction</u>: This federal court may hear this case based on federal questions, [28 U.S.C. 1331]. Plaintiff seeks damages and injunctive relief.

(2) <u>Plaintiff</u>: CHRISTIE SCARBOROUGH, is a resident of Frederick County, Virginia.

(3) <u>Defendants</u>: Plaintiff sues three Defendants—

 (i)   Defendant, MARY DANIEL, sued in her official capacity as General District Court Judge of Frederick County, Virginia.

 (ii)   Defendant, NICHOLAS HAGER, sued in his official capacity as Magistrate of Frederick County, Virginia.

 (iii)   Defendant, FREDERICK COUNTY, sued in its official capacity as Frederick County, Virginia.

(4) <u>Venue</u>: The Western District of Virginia is the proper venue because all relevant events took place in Frederick County, Virginia.

(5) <u>Demand for Trial by Jury</u>: Plaintiff demands trial by jury.

## STATEMENT OF FACTS

(6) Plaintiff SCARBOROUGH is an independent media analyst who reports on Frederick County School Board and Frederick County Board of Supervisors, etc. Plaintiff SCARBOROUGH uses social media platforms to publish her news and views.

(7) Back in 2022, SCARBOROUGH posted criticisms regarding a facemask lawsuit against Frederick County School Board. This lawsuit was brought by one, Priscilla Bellido, but it was a totally weak lawsuit. SCARBOROUGH publicly criticized Bellido's facemask lawsuit, and it wasn't long before Bellido became angry. Bellido hated the criticisms because she was trying to raise litigation funds. Bellido wanted to silence SCARBOROUGH.

(8) On May 18, 2022, Priscilla Bellido filed a criminal complaint against SCARBOROUGH alleging "harassment" under Va. Code Ann. § 18.2-186.4, (*i.e.*, using a person's identity with the intent to coerce, intimidate, or harass).

(9) On May 20, 2022, Priscilla Bellido filed a petition for a protective order. In her petition, Priscilla Bellido cites no acts of "violence, force, or threats," which is actually required by Va. Code Ann. § 19.2-152.9(D). Nevertheless, Judge MARY DANIEL granted Bellido's petition and thereupon issued a preliminary protective order (on May 20, 2022).

(10) Despite the fact that Judge MARY DANIEL granted the protective order, (on May 20, 2022), nobody knows exactly what Priscilla Bellido alleged before Judge DANIEL. As it turns out, the COUNTY maintains a policy of *not* tape-recording or transcribing the testimonies of complaining witnesses.

(11) In the protective order, (May 20, 2022), Judge MARY DANIEL ordered SCARBOROUGH to not comment on social media about Priscilla Bellido; however, Judge DANIEL'S "prior restraint" on speech constitutes a violation of SCARBOROUGH'S First Amendment rights.

(12) The protective order, (May 20, 2022), which sought to prohibit SCARBOROUGH'S protected speech, constitutes an unlawful "prior restraint." The U.S. Supreme Court refers to prior restraints of speech as "the most serious and the least tolerable infringement on First Amendment rights," [*Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976)].

(13) Judge DANIEL'S protective order, (May 20, 2022), which sought to prohibit SCARBOROUGH'S lawfully protected speech, exceeded the scope of Va. Code Ann. § 19.2-152.9. At all times, SCARBOROUGH, a free speech enthusiast, believed that Judge DANIEL'S order was undeniably unconstitutional; nevertheless, SCARBOROUGH, a law-abiding citizen, dutifully obeyed the judge's order.

(14) On May 26, 2022, at 6:33 p.m., Priscilla Bellido filed a second criminal complaint, this time alleging SCARBOROUGH violated the protective order, (which was issued 6 days earlier, on May 20, 2022). However, nobody knows exactly what Priscilla Bellido told the magistrate because the COUNTY maintains a policy of *not* tape-recording or transcribing the testimonies of complaining witnesses.

(15) The COUNTY does not use court reporters to transcribe the allegations, nor does the COUNTY make audio recordings of the allegations. As a result, there's no way to know exactly what Priscilla Bellido alleged against SCARBOROUGH. Apparently, Bellido alleged that SCARBOROUGH violated the protective order, by (supposedly) making a harassing post on Facebook. However, this (supposedly) harassing post about Bellido was actually made by another Facebook user, one, "Nicola Dowd"—who is obviously *not* SCARBOROUGH.

(16) Based on the false premise that SCARBOROUGH (supposedly) violated the protective order, Frederick County Magistrate, NICHOLAS HAGER, issued an arrest warrant, (on May 26, 2022); however, there was no probable cause to arrest SCARBOROUGH. By issuing the arrest warrant with no probable cause, the Magistrate, NICHOLAS HAGER, violated SCARBOROUGH'S Fourth Amendment rights as well as the Virginia Constitution.

(17) Despite the fact that Magistrate, NICHOLAS HAGER issued the arrest warrant, (on May 26, 2022), nobody knows exactly what Priscilla Bellido alleged before the Magistrate. Again, the COUNTY maintains a policy of *not* tape-recording the testimonies of complaining witnesses.

(18) On May 27, 2022, SCARBOROUGH was wrongfully arrested by the COUNTY Sheriff's Department. SCARBOROUGH was transported to the Adult Detention Center. Later that day, SCARBOROUGH was released.

(19) The Commonwealth later received exculpatory evidence—that the culprit was indeed "Nicola Dowd" and *not* SCARBOROUGH. As a result, the Commonwealth decided to *not* pursue charges against SCARBOROUGH. On August 2, 2022, Commonwealth Attorney, Kristen Zalenski, Esq., by means of a *nolle prosequi*, dismissed Priscilla Bellido's criminal complaint, which had alleged that Scarborough (supposedly) violated the protective order.

(20) The Commonwealth decided to not pursue charges against SCARBOROUGH because the complaining witness, Priscilla Bellido, provided an e-mail which shows that she (Bellido) had actual knowledge that SCARBOROUGH is *not* responsible for the Facebook account "Nicola Dowd" (who is obviously somebody else). But the point is, Bellido, at all times, had actual knowledge that (a) "Nicola Dowd" is *not* SCARBOROUGH, and (b) that SCARBOROUGH *did not* make the offending Facebook post.

(21) With knowledge of the falsehood, Bellido committed perjury by falsely attributing the "Nicola Dowd" post to SCARBOROUGH. (The Commonwealth should charge Priscilla Bellido with a crime for having committed perjury).

(22) Ultimately, on September 2, 2022, Judge Ian Williams dismissed the original criminal charge for harassment, [Va. Code Ann. § 18.2-186.4]. As it turns out, Priscilla Bellido herself had put certain documents into the public record—at the time when she conveyed such documents to the Frederick County Sheriff's Department for service of process; *therefore*, Bellido never had standing to allege a violation of Va. Code Ann. § 18.2-186.4, (*i.e.*, the use of a person's identity with the intent to coerce, intimidate, or harass).

(23) Finally, on September 15, 2022, Judge Williams dismissed the protective order for "lack of evidence." But still, Judge MARY DANIEL should never have issued the protective order in the first place because it lacked

evidence of "violence, force, or threats" and constituted an unlawful "prior restraint" of speech.

### CAUSE OF ACTION NO. 1 – (42 U.S.C. § 1983)

(24) <u>Cause of Action No. 1</u>:  Plaintiff brings Cause-of-Action No. 1 for damages against Judge, MARY DANIEL, under 42 U.S.C. § 1983, for violation of Plaintiff's First Amendment right to "free speech."

(25) <u>Right to Free Speech</u>:  Under the First Amendment, SCARBOROUGH has the right to "free speech."  In addition, the Virginia Constitution guarantees SCARBOROUGH'S right to "freely publish [her] sentiments on all subjects," [*see* Virginia Constitution, Art. 1, Sec. 12].

(26) <u>State Actor</u>: As a judicial officer of FREDERICK COUNTY, Defendant MARY DANIEL is deemed a state actor.

(27) <u>Unlawful Court Order</u>:  Judge MARY DANIEL'S protective order, (May 20, 2022), provides the following,

> "[SCARBOROUGH] shall stay 500' away from petitioner's residence; ***shall not make any social media posts, comments,*** etc., regarding the petitioner or her family members while this matter is pending."

(28) <u>Unlawful Prior Restraint</u>:  Judge DANIEL'S order, (May 20, 2022), constitutes an unlawful "prior restraint" on SCARBOROUGH'S right to "free speech."  SCARBOROUGH has a fundamental right to talk about others.  Yes, the judge may lawfully order SCARBOROUGH to refrain from communicating ***with*** Bellido; however, the judge may NOT order SCARBOROUGH to refrain from communicating ***about*** Bellido.  So long as she refrains from talking "*at*" Bellido, SCARBOROUGH has a right to talk "*about*" Bellido.

(29) <u>Violation of Free Speech Rights</u>: By prohibiting SCARBOROUGH from engaging in protected free speech activities, Judge MARY DANIEL violated SCARBOROUGH'S First Amendment rights. In addition to violating "federal" free speech rights, Judge DANIEL also violated "state" free speech rights, including SCARBOROUGH'S right to "freely publish [her] sentiments on all subjects"—a right guaranteed by Virginia Constitution, Art. 1, Sec. 12.

(30) <u>Monetary Damages</u>: As a direct result of Defendant MARY DANIEL having violated Plaintiff's First Amendment rights, as well as her free speech rights under the Va. Constitution, Plaintiff sustains presumed harm, including mental and emotional distress, for which she seeks monetary compensation.

(31) <u>No Judicial Immunity</u>: Judicial immunity attaches to "judicial acts." But here, Judge MARY DANIEL is *not* entitled to immunity because violating one's constitutional rights is *not* a "judicial act." Judge DANIEL acted in the "clear absence of all jurisdiction," [*Stump v. Sparkman*, 435 U.S. 349 (1978)]. Judges have no jurisdiction ("authority") to violate one's constitutional rights. Most importantly, Judge DANIEL took an Oath to uphold the Constitution. No judge may claim immunity to their own Oath. Furthermore, under federal law, to violate one's constitutional rights is actually a crime, [18 U.S.C. § 242]. And, whenever crimes are committed, the victims always have the right to sue the perpetrators for money damages.

(32) <u>Canons of Judicial Conduct</u>: By violating SCARBOROUGH'S First Amendment rights, Judge DANIEL acted in violation of the Canons of Judicial Conduct for the Commonwealth of Virginia.

> Canon 3, Section V. Adherence to law:
> ***A judge must respect and comply with the law.*** Deference to the judgments and rulings of courts depends upon public confidence in the

integrity and independence of judges. Although judges should be independent, they must comply with the law, including the provisions of these Canons. Public confidence in the impartiality of the judiciary is maintained by the adherence of each judge to this responsibility. Conversely, ***violation of this Canon diminishes public confidence in the judiciary*** and thereby does injury to the system of government under law."

(33) <u>No Public Confidence</u>: Judge MARY DANIEL violated SCARBOROUGH'S First Amendment rights, which is bad enough, but it's also a crime under federal law, [18 U.S.C. § 242]. This "failure to comply with the law" diminishes public confidence in Commonwealth's judicial officers.

### CAUSE OF ACTION NO. 2 – (42 U.S.C. § 1983)

(34) <u>Cause of Action No. 2</u>: Plaintiff brings Cause-of-Action No. 2, for damages against Magistrate, NICHOLAS HAGER, under 42 U.S.C. § 1983, for violation of Plaintiff's Fourth Amendment right to not be arrested but upon probable cause.

(35) <u>Fourth Amendment</u>: Under federal law, SCARBOROUGH has a Fourth Amendment right to not be arrested but upon probable cause. In addition, under state law, the Virginia Constitution guarantees, "That general ***warrants ... to seize any person ... whose offense is not particularly described and supported by evidence***, are ***grievous and oppressive***, and ought not to be granted," [*see* Virginia Constitution, Art. 1, Sec. 10]. SCARBOROUGH contends that the Magistrate's warrant is both "grievous and oppressive" within the meaning of the Virginia Constitution.

(36) <u>State Actor</u>: As a judicial officer of FREDERICK COUNTY, Defendant NICHOLAS HAGER is deemed a state actor.

(37) <u>No Probable Cause</u>: When Magistrate, NICHOLAS HAGER issued the arrest warrant, (on May 26, 2022), it was *not* "supported by evidence." There was no probable cause to suspect that SCARBOROUGH had committed any crime. A Facebook user called "Nicola Dowd" is responsible for the statements in question—*not* SCARBOROUGH.

(38) <u>Violation of Fourth Amendment Rights</u>: Here, by issuing an arrest warrant, (May 26, 2022), with no probable cause, Magistrate NICHOLAS HAGER violated SCARBOROUGH'S rights under the Fourth Amendment. The Magistrate also violated SCARBOROUGH'S rights under the Va. Constitution, for issuing a "grievous and oppressive" warrant [*see* Virginia Constitution, Art. 1, Sec. 10].

(39) <u>Monetary Damages</u>: As a direct result of Defendant NICHOLAS HAGER having violated Plaintiff's Fourth Amendment rights, Plaintiff sustains presumed harm—including mental and emotional distress, for which she seeks monetary compensation. Furthermore, SCARBOROUGH seeks compensation, under state law, for *grief and oppression* caused by the Magistrate's "grievous and oppressive" warrant, which clearly violates the Va. Constitution.

(40) <u>No Judicial Immunity</u>: Judicial immunity attaches to "judicial acts." But here, Magistrate NICHOLAS HAGER is *not* entitled to immunity because violating one's constitutional rights is *not* a "judicial act." Magistrate NICHOLAS HAGER acted in the "clear absence of all jurisdiction," [*Stump v. Sparkman*, 435 U.S. 349 (1978)]. Magistrates have no jurisdiction ("authority") to violate one's constitutional rights. Most importantly, Magistrate HAGER took an Oath to uphold the Constitution. No magistrate

may claim immunity to their own Oath. Furthermore, under federal law, to violate one's constitutional rights is actually a crime, [18 U.S.C. § 242]. And, whenever crimes are committed, the victims always have the right to sue the perpetrators for money damages.

(41) <u>Canons of Judicial Conduct</u>: By violating SCARBOROUGH'S Fourth Amendment rights, Magistrate NICHOLAS HAGER acted in violation of the Canons of Judicial Conduct for the Commonwealth of Virginia.

> Canon 3, Section V. Adherence to law:
>
> "***A judge must respect and comply with the law.*** Deference to the judgments and rulings of courts depends upon public confidence in the integrity and independence of judges. Although judges should be independent, they must comply with the law, including the provisions of these Canons. Public confidence in the impartiality of the judiciary is maintained by the adherence of each judge to this responsibility. Conversely, ***violation of this Canon diminishes public confidence in the judiciary*** and thereby does injury to the system of government under law."

(42) <u>No Public Confidence</u>: Magistrate NICHOLAS HAGER violated SCARBOROUGH'S Fourth Amendment rights, which is bad enough, but it's also a crime under federal law, [18 U.S.C. § 242]. This "failure to comply with the law" diminishes public confidence in Commonwealth's judicial officers.

### CAUSE *of* ACTION No. 3 – (42 U.S.C. § 1983)

(43) <u>Cause of Action No. 3</u>: Plaintiff brings Cause-of-Action No. 3, which is a *Monell* claim for damages and injunctive relief, against Defendant FREDERICK COUNTY, under 42 U.S.C. § 1983, for maintaining a policy of

*not* recording the testimonies of complaining witnesses, which violates SCARBOROUGH'S fundamental right to a "fair trial" as guaranteed by the 14th Amendment.

(44) <u>Elements of a Monell Claim</u>: To establish a *Monell* claim, one must show an official government "policy" that serves as the moving force behind federal civil rights violations, [*see, <u>Monell v. Dept. of Soc. Svcs. of the City of New York</u>* (436 U.S. 658 (1978)].

(45) <u>The COUNTY is a Proper Party</u>: Defendant, FREDERICK COUNTY, is deemed a "person" subject to suit under 42 U.S.C. § 1983.

(46) <u>State Actors</u>: As judicial officers of FREDERICK COUNTY, Defendants NICHOLAS HAGER and MARY DANIEL are deemed state actors.

(47) <u>Official COUNTY Policy</u>: Under official COUNTY policy, when complaining witnesses seek to obtain a protective order, they must (i) submit a written application and (ii) give testimony to the court; *however*, the COUNTY *does not* record the in-court testimony of complaining witnesses. Also, under official COUNTY policy, when complaining witnesses seek to report a protective order violation (or other criminal violations) to the COUNTY magistrate, the COUNTY *does not* record the allegations.

(48) <u>Failure to Record Testimony</u>: Remarkably, when making criminal allegations before a judge or magistrate, the COUNTY *does not* tape-record the allegations and the COUNTY *does not* transcribe the allegations. As a result, there is no record of what the complaining witnesses say to the judge or magistrate.

(49) <u>Negligent COUNTY Policy</u>: Because FREDERICK COUNTY maintains an official policy of *not* recording sworn testimony before the judge or magistrate, it's impossible to revisit such testimony, and therefore, it's

impossible to determine whether (or not) a given judge or magistrate acted with probable cause to issue a protective order or an arrest warrant.

(50) As above alleged, Priscilla Bellido, on May 20, 2022, submitted a written application for a protective order and testified before Judge MARY DANIEL. Priscilla Bellido's written application for a protective order made no mention of "violence, force, or threat" having occurred, (as required by Va. Code Ann. § 19.2-152.9(D)). As to Bellido's testimony before Judge MARY DANIEL, nobody knows exactly what Bellido said because the COUNTY maintains an official policy of *not* recording such testimony—and this violates SCARBOROUGH'S right to a "fair trial" under the 14th Amendment.

(51) As above alleged, Priscilla Bellido, on May 26, 2022, gave testimony before Magistrate NICHOLAS HAGER. As to Bellido's testimony before Magistrate NICHOLAS HAGER, nobody knows exactly what Bellido said because the COUNTY maintains an official policy of *not* recording such testimony—and again, this violates SCARBOROUGH'S right to a "fair trial" under the 14th Amendment.

(52) SCARBOROUGH is NOT 'Nicola Dowd': Again, the COUNTY makes no recording of the testimony from complaining witnesses, which means there's no way to determine exactly what was alleged. But here, this court may determine that probable cause *never* existed because SCARBOROUGH, obviously, is *not* "Nicola Dowd." Which begs the question: what did Priscilla Bellido allege that convinced Magistrate HAGER to believe that "Nicola Dowd" is SCARBOROUGH in disguise? Sadly, we will never know because Bellido's testimony went un-recorded pursuant to official COUNTY policy.

(53) Policy is the Driving Force: Official FREDERICK COUNTY policy—in not recording the complaining witness—was a substantial factor in causing

Plaintiffs' harm, which includes mental and emotional distress, for which she seeks money damages.

(54) Injunction: Plaintiff seeks a temporary and permanent injunction. Plaintiff proposes a court order requiring FREDERICK COUNTY to make audio/video recordings of all criminal testimony before judges and magistrates. SCARBOROUGH wishes to ensure that Bellido cannot again come to court with falsehoods. When complaining witnesses give criminal testimony that could send someone to JAIL, the COUNTY should be required to preserve such testimony by making audio/visual recordings—in order to safeguard the accused's right to a "fair trial," a fundamental right guaranteed by the 14th Amendment.

### CAUSE *of* ACTION NO. 4 – (RETALIATION-STATE LAW CLAIM)

(55) Cause of Action No. 4: Plaintiff brings Cause-of-Action No. 4 for damages against Judge MARY DANIEL for retaliation.

(56) Retaliation: SCARBOROUGH contends that Judge DANIEL retaliated against her for exercising her free speech activities against an employee of Frederick County Public Schools—namely, Judge DANIEL'S husband. SCARBOROUGH believes there is a strong inference to be drawn that Judge DANIEL retaliated against SCARBOROUGH for engaging in free speech activities in opposition to Judge DANIEL'S husband.

(57) Criticisms: SCARBOROUGH believes Judge DANIEL is well aware of SCARBOROUGH'S free speech activities, which included criticisms of her husband, Bill Daniel. Last year, SCARBOROUGH had published videos criticizing Bill Daniel, an employee of Frederick County Public Schools, for his oppressive role in denying mask-exemption appeals to students. Last year, SCARBOROUGH posted a video—featuring herself and Bill Daniel—in

which the two had a brief encounter in which SCARBOROUGH specifically mentioned Mr. Daniel's wife—Judge MARY DANIEL.

(58) <u>First Amendment</u>: SCARBOROUGH believes that Judge DANIEL exceeded the scope of her authority, by issuing a court order to bridle SCARBOROUGH'S protected free speech activities—as a "retaliatory" measure for her criticisms against her husband, Mr. Bill Daniel, (employee of Frederick County Public Schools).

(59) <u>Recusal</u>: On August 2, 2022, Judge DANIEL recused herself from the criminal proceedings based on a "conflict of interest" because SCARBOROUGH'S criminal charges originated from her criticisms of Bellido's facemasking lawsuit against Frederick County Public Schools—which employs Judge DANIEL'S husband, Mr. Bill Daniel.

(60) <u>Damages / Punitive Damages</u>: As a direct result of Judge DANIEL'S retaliation, Plaintiff seeks monetary damages. In addition, based on Judge DANIEL'S *willful and wanton negligence*, Plaintiff seeks punitive damages, as contemplated in *Doe v. Isaacs*, [265 Va. 531, 536 (2003)].

/////
/////
/////
/////
/////

**RELIEF REQUESTED**

(61) Plaintiff hereby requests relief against Defendants, and each of them, as follows—

    (a) *On the First Cause of Action*, Plaintiff seeks monetary damages in accordance with proof at trial.

    (b) *On the Second Cause of Action*, Plaintiff seeks monetary damages in accordance with proof at trial.

    (c) *On the Third Cause of Action*, Plaintiff seeks monetary damages and injunction to require FREDERICK COUNTY to hence fourth make recordings of all criminal *ex-parte* testimony.

    (d) *On the Fourth Cause of Action*, Plaintiff seeks monetary damages in accordance with proof at trial, as well as punitive damages for willful and wanton misconduct.

Dated: **February 13th 2023**

_____
Christie Scarborough
118 Fortress Drive
Winchester, Virginia 22603
Christie2307@gmail.com
Tel: (703) 309-5538

## AFFIDAVIT OF CHRISTIE SCARBOROUGH

The allegations made herein are true and correct of my own personal knowledge. I declare under penalty of perjury under the laws of the Commonwealth of Virginia that the foregoing is true and correct.

Dated: **February 13th 2023**

                                              /s/ Christie Scarborough
                                              *Affiant.*